**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EVAN VANDERLOO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY,<br><br>　　　　　Defendant. | Case No.  23-cv-04964-BLF<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Re: ECF No. 13] |

Plaintiff Evan Vanderloo filed this suit against Defendant Allstate Northbrook Indemnity Company ("Allstate") in Santa Clara County Superior Court, asserting state law claims relating to injuries sustained in a car accident. Allstate removed the case to federal district court based on diversity jurisdiction. *See* ECF No. 1 ("Not. of Removal") ¶ 1.

Mr. Vanderloo moves to remand the case to state court, arguing that the notice of removal was untimely because it was filed more than thirty days after service of the summons and complaint. ECF No. 13 ("Mot."); ECF No. 17 ("Reply"). Mr. Vanderloo does not dispute the existence of diversity jurisdiction; the motion to remand is based solely on procedural grounds. *Id.* Allstate contends that removal was timely because the complaint does not disclose that the amount in controversy exceeds $75,000 and the notice of removal was filed within thirty days after Allstate obtained a Statement of Damages showing that the amount in controversy exceeds $75,000. ECF No. 14 ("Opp.").

The Court finds the motion appropriate for disposition without oral argument, and hereby VACATES the hearing scheduled for April 11, 2024. *See* Civ. L.R. 7-1(b). For the reasons described below, Plaintiff's motion to remand is DENIED.

\\

## I.  BACKGROUND

Plaintiff Evan Vanderloo was a passenger in his friend's car when he was injured in a car accident.  ECF No. 13, Ex. A ("Compl.") ¶¶ 2, 4.  After the accident, Mr. Vanderloo made a claim against the at-fault driver of the other car for his alleged bodily injuries including medical expenses and recovered $15,000 from the other driver.  *Id.* ¶¶ 4, 31.  After he settled with the other driver in March 2018, Mr. Vanderloo submitted an underinsured motorist ("UIM") claim to Allstate as an insured passenger under his friend's auto policy for alleged bodily injuries.  *Id.* ¶ 4.  Mr. Vanderloo "submitted in total over $200,019.71 in Medical Specials" with his UIM demand.  *Id.* ¶¶ 5-6.  Because of a dispute over the value of the claim, Mr. Vanderloo demanded UIM arbitration.  *Id.* ¶¶ 8, 33, 37.  Before the arbitration, Allstate tendered the remaining $85,000 policy limit for the claim (for bodily injuries including medical expenses).  *Id.* ¶¶ 39, 40, 61.  After being paid the policy limit, Mr. Vanderloo filed this action against Allstate for three claims: 1) breach of contract, 2) tortious breach of the implied covenant of good faith, and 3) bad faith denial of insurance coverage.  *Id.* ¶¶ 44, 48, 49, 50, 51(e), 59.

Allstate was served with the complaint on June 14, 2023.  ECF No. 13, at Declaration of Mitch Oviedo ("Oviedo Decl.") ¶ 10.  Allstate served a request for a statement of damages, which Mr. Vanderloo served on August 30, 2023.  ECF No. 1-1 (Badawi Decl.) ¶¶ 7-8; Not. of Removal, Ex. F ("Statement of Damages").  In his Statement of Damages, Mr. Vanderloo disclosed that he was seeking more than $6.2 million in damages.  Statement of Damages at 1.  On September 27, 2023, Allstate filed a notice of removal in this Court.  Not. of Removal.

## II.  LEGAL STANDARD

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).  "The mechanics and requirements for removal are governed by 28 U.S.C. § 1446."  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).  "Section 1446(b) identifies two thirty-day periods for removing a case."  *Id.* (internal quotation marks and citation omitted).  "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face."  *Id.* (internal quotation marks omitted).  The Ninth

1  Circuit has held that for the first thirty-day removal period to apply, "the ground for removal must
2  be revealed affirmatively in the initial pleading." *Id.* (internal quotation marks omitted).  If the
3  ground for removal does not appear from the face of the initial pleading, the second thirty-day
4  removal period is triggered when "the defendant receives a copy of an amended pleading, motion,
5  order or other paper from which removability may first be ascertained." *Id.* (internal quotations
6  omitted).

7  A party who contests removal may file a motion to remand. *See* 28 U.S.C. § 1447(c).  "A
8  motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction
9  must be made within 30 days after the filing of the notice of removal[.]" *Id.*  "[T]he burden is on
10 the party removing the case from state court to show the exercise of federal jurisdiction is
11 appropriate." *Kuxhausen*, 707 F.3d at 1141.

### III. DISCUSSION

The Court first addresses Allstate's request for judicial notice of the insurance policy.  ECF No. 14-1 ("Policy").  Plaintiff does not object.  The Ninth Circuit has endorsed the practice of "considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotations omitted).  Thus, the Court will grant judicial notice and consider the Policy.

The Court now turns to the issue of remand.  Allstate filed its notice of removal on September 27, 2023, more than 30 days after Allstate was served with the complaint on June 14, 2023, and less than 30 days after Allstate received the Statement of Damages from Plaintiff on August 30, 2023.  It is clear from the Statement of Damages that the amount in controversy exceeds $75,000.  Thus, the issue before the Court is whether it can be "determined through examination of the four corners of" the complaint that the amount in controversy exceeds $75,000. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Mr. Vanderloo argues that the complaint "clearly contained within its four corners that the amount in controversy was clearly going to exceed $75,000.00." Mot. at 6.  Mr. Vanderloo points to paragraph 6 of the complaint, which "alleges Plaintiff had $200,019.72 in Medical Specials that

3

1  he attributes to the subject incident." *Id.* (citing Compl. ¶ 6). Mr. Vanderloo further argues that
2  the complaint "clearly stated that Plaintiff's total recovery from litigation was a total of [sic]
3  $100,00.00 in previous proceedings involving the Personal Injury matter," leaving "over
4  $100,000.00 in medical specials remained outstanding" relating to "past pain and suffering or
5  future pain and suffering." *Id.* at 6-7. Thus, Mr. Vanderloo concludes, because Defendants did
6  not remove within 30 days of service of the complaint, "Defendants waived their right to remove
7  the case to State Court." *Id.* at 8.

8  Allstate does not dispute that the complaint alleges the $200,019.71 UIM figure, Compl. ¶
9  6, the $85,000 arbitration recovery, *id.* ¶¶ 39, 40, 61, or that Plaintiff recovered $15,000 from the
10 other driver, *id.* ¶¶ 4, 31. Rather, Allstate argues that the complaint's allegation "that [Plaintiff]
11 submitted $200,019.71 in medical bills as part of his UIM demand before Allstate paid the policy
12 limit is irrelevant to establishing the amount in controversy" because the complaint "alleged
13 unreasonable delay in paying his medical expenses, not for the medical expenses themselves."
14 Opp. at 6, 7 (emphasis in original). Allstate further argues that any additional but unspecified
15 damages do not establish an amount in controversy. *Id.* at 5.

16 The Court agrees with Allstate. The complaint seeks damages stemming from each of its
17 three claims: 1) breach of contract, Compl. ¶¶ 41-45; 2) tortious breach of the implied covenant of
18 good faith, *id.* ¶¶ 46-57; and 3) bad faith denial of insurance coverage, *id.* ¶¶ 58-63. Specifically,
19 Mr. Vanderloo seeks damages for "loss of timely use of benefits," *id.* ¶ 45, "continued damages"
20 as a result of Allstate's alleged delay in settling the matter, *id.* ¶ 49, interest, *id.* ¶ 45, 55, "financial
21 hardship and attorney's fees and costs," *id.* ¶ 56-57, damages "that were not fully compensated or
22 addressed when Allstate finally tendered the policy limits," *id.* ¶ 61, and punitive damages, *id.* ¶
23 49, 53, 63. The prayer for judgment also re-lists these categories of damages. *Id.* at 13.

24 The Court first addresses the $200,019.71 in Medical Specials. In the first party uninsured
25 motorist context, damages "occasioned by the vehicular accident itself" that "occur prior to the
26 insurer's alleged breach of its duty of good faith and fair dealing . . . 'cannot be a proximate result
27 of [any bad faith conduct], and therefore cannot serve as a proper measure of damages.'" *State*
28 *Farm Mut. Auto. Ins. Co. v. Superior Ct.*, 123 Cal. App. 4th 1424, 1434 (2004) (quoting *Neal v.*

4

*Farmers Ins. Exch.*, 21 Cal. 3d 910, 925 (1978)).

The complaint alleges that "Mr. Vanderloo submitted in total over $200,019.71 in Medical Specials that did not take into account his pain and suffering associated with the injuries sustained on the date of INCIDENT." Compl. ¶ 6. Because Mr. Vanderloo brought a first party claim under his friend's policy and fully collected the policy limit under it, he is not entitled to further damages stemming from the accident. *State Farm*, 123 Cal. App. 4th at 1434; *Neal*, 21 Cal. 3d at 925. To this point, the complaint never seeks damages related to "Medical Specials," but instead seeks damages for Allstate's alleged unreasonable delay. *See, e.g.*, Compl. ¶ 44 (Allstate "breached the terms of the contract by failing to **timely pay monies due** under the Policy" and "**delaying payment of policy benefits**" ), *id.* ¶ 49 (Allstate "unreasonably **delayed payment**" and "**delayed resolution** of Plaintiff's claim"), *id.* ¶ 50 (Allstate "**unreasonably delayed payment** four times" and "**lowballed and delayed** Plaintiff's claim"), *id.* ¶ 51 (Allstate handled "Plaintiff's claim in a **dilatory manner**, which has resulted in **unnecessary delay** in processing Plaintiff's claim . . ."), *id.* ¶ 59 ("Allstate breached its "obligations under the insurance Policy by . . . **unreasonably delaying** in processing the claim or paying benefits due Plaintiff.") (emphases added). Thus, the Court finds that the $200,019.71 in "Medical Specials" do not contribute to the amount in controversy.

Much of the remaining damages sought are of an amount to be determined "at trial" or "according to proof." Courts have found pleadings with that level of specificity are "inadequate to provide a defendant with notice that the amount in controversy is greater than that mandated by 28 U.S.C. § 1332." *Washington v. Allstate Ins. Co.*, No. 2:10-CV-02130 MCE, 2010 WL 4137286, at *2 (E.D. Cal. Oct. 19, 2010). "To hold otherwise would require defendants to speculate as to the amount of damages sought and would encourage early removals." *Id.*; *see also Harris*, 425 F.3d at 697. The complaint states several times that the damages amount will be proven at trial or according to proof. *See, e.g.*, Compl. ¶ 9 ("Plaintiff has been substantially damaged and has incurred substantial costs . . . in an amount to be proven at the time of Trial"), *id.* ¶ 45 ("costs to be proven at Trial"), *id.* ¶ 45 ("economic losses . . . in an amount to be proven at Trial"), ¶ 55 ("Plaintiff has suffered, and will continue to suffer in the future, damages under The Policies, plus interest, in an amount to be shown at the time of Trial."), *id.* ¶ 57 ("expenses . . . which will be

submitted at the time of Trial"), *id.* ¶ 61 ("damages in an amount to be determined at the time of Trial"). The prayer for judgment also re-lists several categories of damages with dollar amounts that will be determined "according to proof." *Id.* at 13. The Court finds that these damages claims do not obviously lift the amount in controversy above $75,000.

Finally, the Court addresses the remaining damages sought, which are of unspecified amounts. "[N]on-specific allegations of damages . . . do not translate into an ascertainable amount that puts [the defendant] on notice of removability." *Bullard v. Allstate Ins. Co.*, No. C-06-05550 RMW, 2006 WL 3734359, at *3 (N.D. Cal. Dec. 18, 2006). The complaint leaves several damages amounts unspecified. Compl. ¶ 49 ("Such bad faith conduct constitutes a continuing tort which is causing Plaintiff continued damages"), *id.* ¶ 53 ("Entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Allstate"), *id.* ¶ 56 ("Plaintiff has incurred substantial damages, including but not limited to, financial hardship and attorney's fees and costs"), *id.* ¶ 63 ("Plaintiff seeks punitive damages . . . to the maximum extent allowed by the law"). The Court finds that because the damages claims are unspecified, they do not obviously lift the amount in controversy above $75,000.

Because none of the damages sought obviously lift the amount in controversy above $75,000, the first thirty-day period was not triggered by any of these general damages claims. Allstate has therefore met its burden in showing that it was not clear from the four corners of the complaint that the amount in controversy exceeded $75,000. Accordingly, the Court finds that Allstate's removal in response to Plaintiff's Statement of Damages was timely.

IV.   **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is DENIED.

Dated: January 18, 2024

_____
BETH LABSON FREEMAN
United States District Judge